Katonah-Lewisboro Union Free Sch. Dist. v New York State Educ. Dept. (2024 NY Slip Op 24070)

[*1]

Katonah-Lewisboro Union Free Sch. Dist. v New York State Educ. Dept.

2024 NY Slip Op 24070

Decided on March 8, 2024

Supreme Court, Albany County

Gandin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 8, 2024
Supreme Court, Albany County

Katonah-Lewisboro Union Free School District and Board of Education of the Katonah-Lewisboro Union Free School District, Petitioners,

against
New York State Education Department; BETTY A. ROSA, Commissioner of Education; DAVID JOVE, Regional Associate of the New York State Education Department; and VANESSA POTANOVIC and RAYMOND POTANOVIC on behalf of their child, H.P., Respondents.

Index No. 909115-23

Petitioners: Thomas, Drohan, Waxman, Petigrow & Mayle, LLP (Steven Lean Banks, Esq.)
Respondents: New York State Office of the Attorney General (Peter Anthony McDaniel, Esq.)

David M. Gandin, J.

The following papers were read and considered on this Article 78 proceeding:
1. Order to Show Cause;
2. Petition;
3. Affirmation in Support with Exhibits 1-3;
4. Affidavit in Support with Exhibits 1-4;
5. Memorandum of Law;
6. Answer;
7. Memorandum of Law;
8. Affirmation in Support Exhibits A;
9. Memorandum of Law in Reply.
In this Article 78 proceeding petitioners seek to annul an August 28, 2023 determination of respondents New York State Education Department, Betty A. Rosa and David Jove ( "respondents") finding that petitioners denied special education student H.P. a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA") (see 20 U.S.C. § 1400 et seq.) and Article 89 of New York State Education Law (see EL § 4401 et seq.).
H.P. turned 21 years old in February 2022. In the spring of 2022, H.P.'s parents requested a meeting with petitioners' committee on special education seeking compensatory educational services claiming that the interruption of regular schooling during the COVID-19 pandemic deprived H.P. of a FAPE. At a June 14, 2022 meeting the committee disagreed that compensatory services were warranted claiming that any school interruptions did not impact H.P.'s educational progress. It cited to reports from H.P.'s residential education program which it alleged demonstrated that H.P. was expected to achieve the goals set in his individualized education program. At the meeting the committee further advised H.P.'s parents that H.P. would no longer be eligible to receive educational services after the end of the 2021-22 school year because H.P. had turned 21 years old in February. On July 15, 2022, petitioners sent H.P.'s parents written notice pursuant to 8 NYCRR §200.5 memorializing the denial of the request for compensatory educational services. The notice did not advise that H.P. had aged out of the district upon completion of the 2021-22 school year.
In June 2023 H.P.'s parents filed a complaint with respondents' Office of Special Education challenging petitioners' denial of compensatory services and the sufficiency of petitioners' July 15, 2022 prior written notice. On August 28, 2023, the Office of Special Education issued a written decision sustaining the complaint, finding that H.P. remained eligible to receive services through February 2023 because the IDEA guaranteed H.P. the right to a FAPE until he turned 22. Respondents also found that petitioners failed to provide H.P.'s parents with adequate prior written notice that the district would provide no further educational services to H.P. as of the end of the 2021-22 school year. In reaching its conclusion respondents found that the IDEA requires public schools in New York to provide special education to students who have not yet earned a high school diploma until they turn 22. This proceeding followed.
In an Article 78 proceeding the Court's review of an administrative determination is generally limited to whether the determination was made in violation of lawful procedure, was arbitrary and capricious or affected by an error of law. See Pell v. Bd. of Ed. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck, Westchester County, 34 NY2d 222 (1974). However, where an agency is engaged in pure statutory interpretation that is not based on any institutional expertise, a court need not pay deference to the agency's interpretation and may instead undertake that analysis anew. Saratoga Economic Dev. Corp. v. Authorities Budget Off., 222 AD3d 1072, 1074 (3d Dept 2023).
The IDEA requires States to provide "[a] free appropriate public education ... to all children with disabilities residing in the State between the ages of 3 and 21, inclusive...." 20 U.S.C. § 1412(a)(1)(A). This right "begins on a child's third birthday and ends on the last day of his 21st year (which culminates in his 22nd birthday)." St. Johnsbury Academy v. D.H., 240 F3d 163, 168 (2d Cir 2001). However, the IDEA's mandate to make a FAPE available to all children within this age range contains an exception "to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to children in those age ranges[.]" 20 U.S.C. § 1412(a)(1)(B)(i). Accordingly, a State is not obligated to provide a "FAPE to students with disabilities ages 18 [*2]through 21 to the extent it also abstains from providing 'public education' to students without disabilities of the same ages." K.L. v. Rhode Is. Bd. of Educ., 907 F3d 639, 642 (1st Cir 2018).
In New York the right to a free public education terminates once a student reaches the age of 21. The Education Law expressly provides that "[a] person over five and under twenty-one years of age who has not received a high school diploma is entitled to attend the public schools maintained in the district in which such person resides without the payment of tuition." EL § 3202(1) (emphasis added); Catlin by Catlin v. Sobol, 77 NY2d 552 (1991). Where a child with a disability reaches the age of 21 during the course of the school year (between September 1st and June 30th), the child is entitled to receive an education "until the thirtieth day of June or until the termination of the school year, whichever shall first occur." EL § 4402(5). As H.P. turned 21 years old in February of 2022, state law mandated that petitioners provide him with a FAPE until the conclusion of the 2021-2022 school year. Petitioners had no obligation under State law to provide H.P. with a FAPE after the end of the 2021-2022 school year and thus no obligation under the IDEA to provide a FAPE to H.P. after June 30, 2022. See 20 U.S.C. § 1412(a)(1)(B)(i).
Respondents' reliance on A.R. v. Connecticut State Bd. of Educ., 5 F4th 155 (2d Cir 2021) was misplaced. In A.R., the Second Circuit held that "public education" as used in IDEA included adult education programs offered outside of the actual public school system. As adult education classes in Connecticut were available to students aged 18 through their 21st year, the Court held that the Connecticut State Board of Education unlawfully discriminated against students with disabilities between the ages of 21 and 22 by not also entitling them to an free public education. In contrast to the Connecticut statutory scheme at issue in A.R., New York Education Law expressly limits the right to a free public education in New York State to students under the age of 21. See EL § 3202(1); see also Burr by Burr v. Ambach, 863 F.2d 1071, 1078 (2d Cir. 1988), cert. granted, judgment vacated sub nom. Sobol v. Burr, 492 U.S. 902 (1989) (recognizing that a handicapped child in New York does not have a right to public education beyond the age of twenty-one); St. Johnsbury Acad., at169.The same age limit governs eligibility for its high school equivalency preparation programs (see 8 NYCRR 100.7(h)(2)). As set forth above, the IDEA expressly permits an exception to its applicable age range: "[t]he obligation to make a free appropriate public education available to all children with disabilities does not apply with respect to children ... [aged] 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to [such] children[.]" 20 U.S.C. § 1412(a)(1)(B)(i). Because New York law only provides for a free public education until students reach the age of 21, it is not subject to the IDEA mandate to provide a FAPE to all children with disabilities residing in the State between the ages of 3 and 21, inclusive. Accordingly, respondents erred as a matter of law in finding that under the IDEA H.P. remained eligible for a FAPE through his 22nd birthday. Under New York Law petitioners had no obligation to provide H.P. with a FAPE past June 30, 2022 of the 2021-22 school year. 
Respondents also erred in determining that petitioners violated the prior written notice requirement of Section 200.5 of the Regulations of the Commissioner (see 8 NYCRR 200.5(a)). [*3]"Prior written notice...must be given to the parents of a student with a disability a reasonable time before the school district proposes to or refuses to initiate or change the identification, evaluation, educational placement of the student or the provision of a free appropriate public education to the student." 8 NYCRR 200.5(a)(1). Respondents found that petitioners July 15, 2022 notice to H.P.'s parents was deficient because it failed to advise that H.P. was aging out at the end of the 2021-22 school year. 
Not every violation of the regulatory procedural safeguards governing a student's right to a FAPE rises to the level of the denial of a FAPE. Rather, "the violations must significantly impede the parents' participation rights, impede the child's right to a FAPE, or cause a deprivation of educational benefits." Elmira City School Dist. v. New York State Educ. Dept., 204 AD3d 1134, 1138-1139 (3d Dept 2022). Here, the challenged notice was issued after H.P. had turned 21 years old and the 2021-2022 school year had ended. Thus, H.P. was not eligible to receive a FAPE at the time of the purported violation. Moreover, it is undisputed that the petitioners' committee on special education discussed its decision to exit H.P. from the district with H.P.'s parents at the June 14, 2022 meeting. Therefore, any failure to strictly comply with the notice requirement of NYCRR §200.5(a) did not impede the participation rights of H.P.'s parents or H.P.'s right to a FAPE. Wherefore, it is
ORDERED that the petition is granted. H.P. was ineligible as a matter of law to receive a FAPE after June 30, 2022. Accordingly, respondents' directive that petitioners convene their committee on special education to discuss the need to provide compensatory educational services to H.P. based on a finding he was eligible to receive such services until his 22nd birthday is vacated.
The foregoing constitutes the decision, order and judgment of the Court. The signing of this decision and order shall not constitute entry or filing under CPLR §2220. Counsel is not relieved from the applicable provisions of that rule regarding notice of entry.
Dated: March 8, 2024
ENTER:
Kingston, New York
HON. DAVID M. GANDIN, JSC